UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY C. PLATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-01276-LJM-DML |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Defendant State of Indiana ("Indiana") has filed a motion to dismiss Plaintiff Timothy C. Platt's ("Platt's") Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of jurisdiction; or under Rule 12(b)(6) for failure to state a claim. Dkt. No. 14. Platt, *pro se*, failed to respond. For the reasons stated herein, the Motion is **GRANTED**.

## I. FACTUAL ALLEGATIONS

Platt was formerly employed by the Department of Correction for the State of Indiana ("IDOC"), as a Class I Truck Driver. Compl. at 2. He claims that his two supervisors, Ralph Ison and Candace Soltermann, discovered in the spring of 2016 that he is an Atheist/Socialist and then began a campaign to discredit and then fire him. *Id.* at 2-3. On March 24, 2017, Platt was suspended and, subsequently, his employment was terminated on April 21, 2017. *Id.* On April 24, 2017, Platt filed his Complaint in which he alleges that IDOC terminated his employment in retaliation for his religious and political beliefs. *Id.* at 1-3. He cites claims under 28 U.S.C. § 1331, 42 U.S.C. § 1983, the First Amendment to the U.S. Constitution, and Indiana Code § 4-15-2.2-24. *Id.* at 1-2. Platt

requests reinstatement or placement in an open position for which the State Personnel Department determines he is qualified, and monetary relief. *Id.* at 5.

## II. **STANDARDS**

In considering a motion brought pursuan to Rule 12(b), the Court examines the sufficiency of the plaintiff's complaint as opposed to the merits of the lawsuit, and directs dismissal only if it appears to a certainty that the plaintiff can establish no basis for asserting personal jurisdiction. Rule 12(b)(2) permits the dismissal of a claim for lack of jurisdiction over a person or entity. In considering a Rule 12(b)(2) motion to dismiss, the Court reviews any affidavits and other documentary evidence that have been filed, as long as factual disputes are resolved in favor of the non-movant – in this case Platt. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990).

Rule 12(b)(6) permits the dismissal of a claim for failure to state a claim upon which relief can be granted in the pleadings. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcraoft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id.* "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d

967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009).

### III. DISCUSSION

Platt's claim for damages against the State of Indiana must be dismissed because states are immune from suit in federal court pursuant to the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Stanley v. Ind. Civil Rights Comm'n*, 557 F. Supp. 330, 333-34 (N.D. Ind. 1983), *aff'd* 740 F.2d 972 (7th Cir. 1984). "[T]he Eleventh Amendment guarantees that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). Further, the Indiana Department of Correction, or the State Personnel Department, are treated like the State of Indiana for purposes of the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Although a State may waive its Eleventh Amendment immunity or consent to suit, Indiana has not done so. *See Moore v. State of Indiana*, 999 F.2d 1125, 1128-29 (1993); *Lembach v. State of Indiana*, 987 F. Supp. 1095, 1098 (N.D. Ind. 1997). The bar is particularly applicable to suits brought pursuant to § 1983. *See Stanley*, 557 F. Supp. at 333. Therefore, Platt's claim for damages pursuant to § 1983 against Indiana are barred by the Eleventh Amendment.

In addition, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). However, a State or its agencies are not "persons" under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Ross v. Ind. State Bd. of Nursing*, 790 N.E.2d 110, 117 (Ind. Ct. App. 2003) (citing *Severson v. Bd. of Trustees of Purdue Univ.*, 777 N.E.2d 1181, 1190 (Ind. Ct. App. 2002), *trans. denied*). As written, the Court cannot construe the Complaint as one against the individuals named therein; only the agencies and the State of Indiana. As stated above, neither the agencies nor the State of Indiana are "persons" under § 1983. Therefore, Platt's claim must be dismissed for failure to state a claim upon which relief may be granted.

If the Court liberally construes the Complaint, as it must since Platt is presenting his claims *pro se*, *see Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015), it could be read as a religious discrimination claim pursuant to Title VII of the Civil Rights Act of 1964. However, there is no allegation that Platt exhausted any administrative remedies that is a prerequisite to bringing suit under Title VII. *See Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000). Platt's Complaint must be dismissed for failure to state a claim on this ground as well.

### IV. **CONCLUSION**

For the reasons stated herein, Defendant State of Indiana's Motion to Dismiss, Dkt. No. 14, is **GRANTED**. Plaintiff Timothy C. Pratt shall have 21 days from the date of this Order to amend his Complaint. The failure to do so will result in dismissal of his claims without prejudice.

IT IS SO ORDERED this 23d day of August, 2017.

Distribution attached.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY C. PLATT
4007 Continental Court
Indianapolis, IN 46227

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov

Rebecca L. McClain
INDIANA ATTORNEY GENERAL
rebecca.mcclain@atg.in.gov